**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 1, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY SMITH,

     Plaintiff - Appellant,

v.

SPRINT/UNITED MANAGEMENT
COMPANY; LINDSEY MASON,

     Defendants - Appellees.

No. 17-1142
(D.C. No. 1:15-CV-00550-WJM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

     Anthony Smith, appearing pro se, appeals the district court's grant of summary

judgment in favor of his former employer, Sprint/United Management Company

(Sprint), and supervisor, Lindsey Mason, on his complaint asserting federal

discrimination claims and Colorado state contract claims. We exercise jurisdiction

under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. Background.

We briefly summarize the undisputed facts, which are set out in the magistrate judge's detailed Report and Recommendation (R&R). In 2008, Sprint hired Mr. Smith, an African-American male, as a call-center representative. During 2012 and 2013, Mr. Smith received thirteen corrective action notices—warnings about his attendance problems and violations of Sprint policies—from three different supervisors. At his January 2013 performance review, he was rated as not meeting expectations. In March 2013, Ms. Mason became Mr. Smith's supervisor. Like all call representatives, Mr. Smith was evaluated on certain call metrics such as his average call-handling time, number of return calls, and customer-satisfaction responses. In May 2013, Mr. Smith's call metrics were low enough to warrant termination. On June 5, 2013, Mr. Smith violated Sprint policy by failing to return a customer's call after promising to do so. For this violation, Ms. Mason testified that she placed Mr. Smith on a status referred to as a final-level corrective action.

On June 18, 2013, Mr. Smith filed an internal claim with Sprint claiming Ms. Mason was harassing and discriminating against him. On June 21, 2013, he filed an Equal Employment Opportunity (EEOC) charge against Sprint, alleging discrimination and harassment. On July 7, 2013, Mr. Smith again failed to return a customer's call after promising to do so. Ms. Mason testified that this failure violated the June 5, 2013 final corrective action. On July 8, 2013, Sprint's human-resource manager concluded her investigation of Mr. Smith's June 18 complaint, finding no evidence of discrimination or harassment. On July 9, 2013, Ms. Mason

2

wrote a letter to her supervisors reviewing Mr. Smith's troubled work history and recommending that his employment be terminated. Ms. Mason's supervisors agreed, and Sprint terminated Mr. Smith on July 15, 2013.

Mr. Smith then filed his discrimination complaint in federal district court. The district court dismissed some claims under Fed. R. Civ. P. 12(b)(6), rulings that Mr. Smith does not challenge. The claims surviving dismissal were for race and color discrimination and retaliation, in violation of 28 U.S.C. § 1981 and 42 U.S.C. § 2000e (Title VII); a state breach-of-contract claim against Sprint based on the Code-of-Conduct section in its employee handbook; and a tortious-interference-with-contract claim against Ms. Mason. The district court ultimately granted summary judgment in favor of Sprint and Ms. Mason, adopting the magistrate judge's R&R over Mr. Smith's objections.

Because Mr. Smith presented no direct evidence of discrimination, the district court applied the familiar burden-shifting framework under which the plaintiff has the initial burden to establish a prima facie case of discrimination; the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action; and if the employer provides such a reason, the burden reverts to the plaintiff to present evidence showing that the proffered reason is pretext for discrimination or retaliation. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006) (describing the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The district court ruled that Mr. Smith had failed to establish prima facie

3

claims under § 1981 or Title VII discrimination, and also had failed to show that Sprint's proffered legitimate, non-discriminatory reason for terminating him was pretextual. The district court assumed that Mr. Smith had established a prima facie retaliation claim, but ruled that he had failed to present evidence that Sprint's proffered reason for terminating him was pretextual for retaliation under § 1981 and Title VII. Next, the district court ruled Mr. Smith had waived any arguments for his contract claims by failing to raise any contract-related arguments in his Response to Sprint's Motion for Summary Judgment.

II. Discussion.

Mr. Smith appeals the district court's grant of summary judgment, but not the Rule 12(b)(6) dismissal of claims.[1] We independently review a district court's grant of summary judgment under Fed. R. Civ. P. 56(a). *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1279 (10th Cir. 2013). "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Rule 56(a)). Under this standard, we view the evidence in the light most favorable to the nonmovant. *Id.* We liberally construe pro se pleadings, but we will not act as Mr. Smith's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005). Mr. Smith has failed to

---

[1] Mr. Smith's opening brief refers to claims for wrongful termination and promissory estoppel. He did not raise any such claims in his complaint or in the district court. It appears that he means for "wrongful termination" to refer to his discrimination claims and means for "promissory estoppel" to refer to his contract claims, and we have considered his arguments in that context.

4

support his arguments with record citations, which even pro se litigants must do. *Id*. Nonetheless, we have reviewed the record.

A. Race and Color Discrimination Claims. Mr. Smith argues the district court erred in ruling he failed to establish prima facie discrimination claims, arguing he presented evidence that would support an inference of discrimination. He further argues that he did present evidence of pretext, which the district court erroneously ignored. But because he did not raise these arguments in his objections to the R&R, he has waived them.

The magistrate judge concluded in her R&R that Mr. Smith had established that he belongs to a protected class; that he was qualified to perform his job; and that he suffered an adverse employment action. Even so, the magistrate judge concluded that Mr. Smith had failed to establish a prima facie claim, because he did not present any evidence that the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Bennett v. Windstream Commc'ns, Inc*., 792 F.3d 1261, 1266 (10th Cir. 2015) (describing elements of prima facie discrimination claim). The magistrate judge further concluded that even if Mr. Smith had established prima facie discrimination claims, he had not shown any evidence of pretext.

Mr. Smith timely filed objections to the R&R, but he asserted no objection to the magistrate judge's recommendation to grant summary judgment on his race- and color-discrimination claims. Indeed, he made no reference to his discrimination claims at all, only to his retaliation and contract claims.

5

"This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks and brackets omitted). Under this rule, "the failure to make timely objection waives appellate review of both factual and legal questions." *Id.* (internal quotation marks and ellipsis omitted). We recognize two exceptions to the firm-waiver rule, *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008), but neither provides Mr. Smith any relief. First, as a pro se litigant, Mr. Smith was properly "informed of the time period for objecting and the consequences of failing to object." *Id.* Second, he has not shown that "the interests of justice require review." *Id.* (internal quotation marks omitted). "Among the factors this court has considered in determining whether to invoke the interests-of-justice exception are a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Casanova*, 595 F.3d at 1123 (internal quotation marks, brackets, and alterations omitted). Mr. Smith does not explain why he objected to some portions of the magistrate judge's R&R, but did not object to the disposition of his discrimination claims. Nor has he shown that these issues are "of considerable import." *Id.* at 1124 (internal quotation marks omitted). Thus, Mr. Smith has waived appellate review of the grant of summary judgment of his race- and color-discrimination claims under § 1981 and Title VII, and we decline to address them.

B.  <u>Retaliation Claim</u>.  Mr. Smith argues the district court erred in ruling he had failed to show Sprint's proffered reason for terminating him was pretext for

retaliation for his discrimination complaints. Sprint did not dispute that Mr. Smith had established a prima facie retaliation claim. Sprint proffered legitimate, non-retaliatory reasons for terminating Mr. Smith, namely, his long history of corrective actions regarding his attendance, his violations of Sprint's customer policies, his substandard call metrics, and in particular, his failures in June and July 2013 to return customers' calls. R. Vol. II, at 18.

The district court ruled Mr. Smith had failed to present evidence that Sprint's proffered reasons were pretextual. Pretext may be shown by "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Argo*, 452 F.3d at 1203 (internal quotation marks omitted).

Mr. Smith argues that Ms. Mason gave inconsistent reasons for recommending he be terminated, which he argues is sufficient to establish pretext.[2] He claims Ms. Mason's July 2013 termination recommendation cited Mr. Smith's July 7, 2013 policy violation and his prior repeated failures to comply with Sprint's customer-service policies, but that she gave a different answer in response to Interrogatory

---

[2] Mr. Smith also argued before the district court that all of but one of the corrective-action notices were counterfeit documents. The district court rejected these pretext arguments as based on pure speculation and inadmissible evidence. Mr. Smith does not reassert this argument on appeal.

7

Number Three of his discovery request, namely, that she recommended terminating him because he failed to meet his customer-satisfaction metric in June 2013.

Mr. Smith's description of the record is inaccurate; the evidence shows no inconsistency. Ms. Mason's termination recommendation to her supervisors listed many reasons why she believed Mr. Smith should be terminated, including his continued disregard for Sprint's policies, his July 7 policy violation, and "his failure to meet metrics regarding call effectiveness, customer service surveys, incomplete troubleshooting and repeat opportunities in quality monitors." R. Vol. II, at 165. Her recommendation referenced Mr. Smith's failure to meet his required call metrics.

Interrogatory Number Three asked Ms. Mason to identify all persons who participated in the termination decision; it did not ask her to list the reasons for that decision. She answered in relevant part that after Mr. Smith failed to meet his customer-service metric and received his final corrective action in June 2013, she wrote her supervisor to recommend termination, and that her supervisor agreed with her. R. Vol. III, at 279. Her answer simply describes how and when another Sprint employee participated in the termination decision, responsive to Mr. Smith's interrogatory. Her response does not show any inconsistency in Sprint's proffered legitimate, non-retaliatory reasons for terminating Mr. Smith, and we agree with the

8

district court that Mr. Smith did not present evidence of pretext to support his retaliation claim.[3]

3. <u>Contract Claims and Missing Pages</u>. As filed, Mr. Smith's Response to the Motion for Summary Judgment did not challenge any of Sprint's arguments related to his claims for breach of contract and tortious interference with contract, but his Response was missing pages 42 to 46. This fact was noted on the electronic docket entry when the district court clerk docketed Mr. Smith's Response. Mr. Smith never remedied this during the district court proceedings. For the first time on appeal, Mr. Smith provides the missing pages and, because they include his contract-claim arguments in response to Sprint's Motion for Summary Judgment, he argues on appeal that the district court erred in ruling he waived these arguments by not raising them in his Response.

At the outset of her R&R, the magistrate judge noted that pages 42-46 of Mr. Smith's Response were missing; that the court had notified Mr. Smith of this by the electronic docket; and that Mr. Smith failed to provide the missing pages. Addressing Mr. Smith's contract claims, the magistrate judge noted that Mr. Smith had not raised any contract arguments in his response, but she still considered the merits of Sprint's arguments and recommended dismissal of these claims. In his objections to the R&R's recommendation, Mr. Smith asserted that the court had failed to notify him about the missing pages. But he did not provide the missing

---

[3] We note that this is the same pretext argument Mr. Smith raises for the first time on appeal for his race- and color-discrimination claims.

pages, did not describe the content of the missing pages, and did not claim they related to his contract claims. He asserted substantive objections to the R&R on his contract claims but did not argue, as he now does on appeal, that he raised his contract-claim arguments in the missing pages.

The district court rejected Mr. Smith's missing-pages objections, ruling that Mr. Smith was in fact notified by means of the electronic-docket report, that he still had not provided the court with the missing pages, and that he had not even articulated the relevance of the missing pages to his claims or his objections. The district court also ruled it would not consider his contract-claim arguments because they were not raised in Mr. Smith's Response.

Mr. Smith claims he found the missing pages under his car seat two days before filing his opening brief before this court. The pages do include arguments related to his contract claims, indeed similar to those he raised in his objections to the R&R.[4] Thus, he argues the district court erred in ruling he waived his contract claims

---

[4] In support of this claim, Mr. Smith's complaint alleged Sprint had breached its Code of Conduct, but the magistrate judge concluded that Sprint had clearly and conspicuously disclaimed that it had created any contractual rights for Mr. Smith by disclaimer language on Mr. Smith's employment application and on its internal employee intranet site. Thus, applying Colorado law, the magistrate judge concluded Sprint had not breached any contract in terminating Mr. Smith. In the missing pages, Mr. Smith asserts, without evidentiary support, that the disclaimers are not clear and conspicuous, but he does not dispute presence of the disclaimer language or that he checked a box indicating his acknowledgment that no employee of Sprint can enter into any contract of employment with Sprint unless it is expressly set forth in a written document signed by Sprint's president.

(continued)

10

by not challenging them in his response. But this argument is also foreclosed by the firm-waiver rule, discussed above, because Mr. Smith never asserted in his objections to the R&R that he raised contract-related claims in the missing pages, and never provided the missing pages to the district court. Even though he is proceeding pro se, Mr. Smith is responsible for articulating all of his arguments in his Response and Objections. *See Garrett,* 425 F.3d at 840–41 (holding that pro se litigants' briefs must comply with applicable court rules); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that pro se litigants are responsible for the factual development of their claims).

We grant Mr. Smith's motion to proceed in forma pauperis, and affirm the district court's judgment.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

The magistrate judge further recommended dismissal of Mr. Smith's claim that Ms. Mason had tortiously interfered with an alleged employment contract with Sprint. Though at-will employment contracts can be subject to a tortious-interference claim, the magistrate judge concluded that Mr. Smith had presented no evidence of any wrongful conduct by Ms. Mason to support this claim, citing the requirements of such a claim under Colorado law. In the missing pages, Mr. Smith asserts, without evidentiary support, that Ms. Mason was motivated by malice toward him. Such conclusory allegations are insufficient to resist summary judgment. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

11